### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

JEFFERY A. VLIETSTRA,

      Plaintiff,

      v.

ERIC M. STARKEY, et al.,

      Defendants.

CAUSE NO. 2:24-CV-310-TLS-JEM

### OPINION AND ORDER

Jeffery A. Vlietstra, a prisoner without a lawyer, filed an amended complaint. ECF 15. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Vlietstra asserts claims for monetary damages against twelve officers employed by the Federal Bureau of Investigation or by the police departments of local governments in Illinois and Indiana. He alleges that these defendants worked together to conduct an unlawful search of a truck and a residence in April 2022. The search returns formed the basis of a probable cause affidavit used to arrest Vlietstra pursuant to a warrant. The probable cause affidavit also caused the initiation of a State criminal case against Vlietstra in Case No. 46C01-2204-F4-441, which was dismissed in March 2023.[1]

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

Significantly, review of the electronic docket for the State court reveals that, while Case No. 46C01-2204-F4-441 was dismissed without prejudice, Vlietstra was convicted in Case No. 45G01-2302-F5-74 and sentenced as a habitual offender to eight years on a burglary charge. Further, review of the opinion on direct appeal indicates that this conviction relied on the search of the truck and residence described in the complaint. That opinion reads as follows:

> On April 12, 2022, Iroquois County Sheriff's Detective Eric Starkey of Illinois, and others, conducted a search of the residence of Vlietstra's girlfriend Sharon Long, in Joliet, Illinois, pursuant to a search warrant issued by the Twenty-First Judicial Circuit Court of Watseka, Iroquois County, Illinois. Officers discovered items inside her garage including a yellow crowbar; a Stihl adjustment tool; and a workbench on which there was a Milwaukee lift gate battery, a snap-on tool step, a lithium battery, a lithium charger, and an insurance card. Officers obtained consent from Long to search a gray Dodge Ram 1500, which she had rented and of which Vlietstra was the primary driver, and they discovered bolt cutters, two pry bars, and brown boots in the truck bed. They found white gloves, a black ski mask, and a smaller black and yellow Stanley wonder bar inside the truck.

*Vlietstra v. State*, 235 N.E.3d 164 (Ind. Ct. App. 2024). In this opinion, the Indiana Court of Appeals declined to find that the trial court had abused its discretion by admitting evidence obtained pursuant to the search and relied on that evidence in finding that the record contained sufficient evidence to support the finding of guilt on the burglary conviction. *Id.* Against this backdrop, the court finds that Vlietstra's assertion that the April 2022 search violated his Fourth Amendment rights, if proven true, would undermine the validity of his conviction. There is no indication that his conviction has been invalidated. Consequently, Vlietstra may not proceed on a Fourth Amendment claim challenging the April 2022 search. *See Polzin v. Gage*, 636 F.3d 834, 836 (7th Cir. 2011) ("[A]rguments attacking the validity of a conviction cannot be advanced under § 1983 unless the conviction or sentence previously has been invalidated." (citing *Heck v. Humphrey*, 512 U.S. 477 (1994))).

2

Vlietstra also asserts that the April 2022 search violated his rights under the State constitutions of Indiana and Illinois. Notably, "there is no express or implied right of action for monetary damages under the Indiana Constitution." *Smith v. Ind. Dep't of Correction*, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007). By contrast, Illinois courts have recognized a right of action for unlawful searches under the Illinois constitution. *White v. O'Leary*, 742 F. Supp. 990, 992 (N.D. Ill. 1990) ("Section 6 [of the Illinois constitution] does give rise to a cause of action against public officials or government actors who violate citizens' rights contained therein." (citing *Kelly v. Franco*, 391 N.E.2d 54 (Ill. 1979))). However, Illinois courts have also extended the *Heck* doctrine to torts arising under State law. *Lieberman v. Liberty Healthcare Corp.*, 948 N.E.2d 1100, 1108 (Ill. Ct. App. 2011) ("The adoption of the *Heck* scheme here avoids the inconsistent effect of awarding money damages for unlawful detention to lawfully confined plaintiffs."). Therefore, Vlietstra cannot proceed on State constitutional claims challenging the April 2022 search.

In sum, the amended complaint does not plausibly state a claim upon which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 29, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT